THE PEOPLE, use of John H. Batchelder

*v.*

WILLIAM T. HUNTER *et al.*

1. ADMINISTRATION—*expenses must be paid before debts.* The costs and expenses of administration of an estate must first be paid by the administrator out of the moneys coming to his hands, before there can be any distribution or payment made to creditors.

2. PLEADING AND EVIDENCE—*evidence must have a foundation in pleadings.* In an action upon an administrator's bond, evidence to prove the administrator's neglect of duty by failing to collect debts due the estate by judgment, by persons solvent and of whom the money could have been collected, is inadmissible, unless the declaration contains a breach averring such neglect of duty, and if admitted, should be excluded on motion.

3. MEASURE OF DAMAGES—*in suit on administrator's bond for not filing inventory in time.* In an action upon an administrator's bond, where one of the breaches assigned is the neglect of the administrator to file an inventory within three months after the grant of letters, and the proof shows such inventory was not filed until five months had expired, the plaintiff is entitled to a verdict and judgment for nominal damages at least. To recover more than nominal damages he must prove real and substantial injury.

APPEAL from the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding.

Mr. GEO. W. BAKER, for the appellant.

Mr. L. HARMON, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of debt on an administrator's bond, in the Peoria circuit court. The declaration avers that Wm. T. Hunter became administrator under the bond, and entered upon the discharge of the duties of the office, but did not faithfully discharge the same; that appellant recovered a judgment against the estate of the intestate for the sum of $403.70; that moneys and effects of the estate were in the hands of the administrator, out of which the judgment might and should have been paid; that he did not make and return a full inventory of the assets of the estate to the county court within three months after he was appointed administrator.

Pleas were filed denying the execution of the bond; denying that he was administrator; denying the record of any judgment; denying having any of the estate, and denying that he failed to make an inventory within three months. Issues to the country were formed, and a trial was had, resulting in a verdict for defendants, on which judgment was rendered, a motion for a new trial having been first overruled.

There are two breaches assigned in the declaration. The first, that there was and had been money in the hands of the administrator which ought to have been paid to appellant on his claim against the estate. The other, that he had not made and returned an inventory within three months from the time of his appointment. To recover, appellant was bound to prove the breaches as laid.

Upon reading the evidence we fail to find that it proves the first breach. It does not appear that there ever came to the administrator's hands money which belonged to the estate that he was required by law to pay to appellant on his claim. It shows but a small amount, and that paid out for expenses, and his own means besides. The expenses of the administration must be first paid before there can be a distribution. The evidence, then, entirely fails to sustain the first breach.

There was introduced a large amount of evidence to prove the administrator had neglected his duty by failing to collect a large amount due the estate by judgments against persons who were solvent, and of whom the money could have been collected. This was the principal matter of contest in the court below, and is urged in this court for a reversal. There is no breach in the declaration averring such neglect or in anywise seeking to recover for that reason. There being no such breach, the evidence was not admissible, and should have been excluded on appellees' motion entered at the close of appellant's evidence. That question should not, under the pleadings, have been submitted to the jury. To have tried that question, there should have been a breach averring such neglect of his duty.

It does appear, however, that the administrator did not file an inventory in the county clerk's office within three months after he was appointed, but it was not until five months had expired. This was one of the issues in the case, and appellant sustained the averment by proof, and having sustained the breach, it entitled him to a verdict and judgment.

The verdict is, on this issue, manifestly against the evidence. But, notwithstanding there was a breach of the bond by failing to file an inventory as required by the statute, appellant did not prove that he had sustained any substantial damage by reason of the breach, and failing to do so, he would be entitled only to nominal damages, unless he proved real and substantial injury, which he did not do on this trial.

The finding being clearly against the evidence under this breach, the court below erred in not setting the verdict aside and granting a new trial, and for that error the judgment is reversed and the cause remanded.

*Judgment reversed.*